# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/11/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Randall S. Ferguson and Donna Renee Ferguson |
| **Case Number:** | 04-11927 |

### Document Information

| | |
|---|---|
| **Description:** | Minutes of Hearing Held On 10/5/04 Re: [2-1] Chapter 13 Plan. Confirmation denied. Debtors have 30 days to file amended plan, convert, or dismiss. If Debtors fail to do any of these, Trustee to submit order dismissing. |
| **Received on:** | 2004-10-06 13:23:25.000 |
| **Date Filed:** | 2004-10-06 00:00:00.000 |
| **Date Entered On Docket:** | 2004-10-06 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | James Burke |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

**Clerk's Minutes**

Before the Honorable James Starzynski

James Burke, Law Clerk
Jill Peterson, Courtroom Deputy

**\*\*Hearing was Digitally Recorded**

**Date:**
**TUESDAY, OCTOBER 5, 2004**

**In Re: Ferguson**
**No. 13-04-11927 SR**

**Oral ruling on confirmation of Chapter 13 Plan**
**Trey Arvizu - Debtors**
**Annette DeBois - Trustee**

_____

**TIME STARTED:** 4:15    **TIME ENDED:** 4:35

**Summary of Proceedings:**                       Exhibits _____

                                                  Testimony _____

    Confirmation denied.
    Debtors have 30 days to file amended plan, convert, or dismiss.
    If Debtors fail to do any of these, Trustee to submit order dismissing.

    NOTE: Court's notes for oral ruling attached.

Oral Ruling
October 5, 2004

1334; 157; 7052.  Reviewed schedules and other parts of the file, plan, testimony, exhibits and arguments of counsel.  The plan will not be confirmed, but the Debtors can have thirty days from today to file an amended plan or to convert or dismiss their case, failing which the Trustee should submit an order to the Court dismissing the case.

I have assumed for purpose of this ruling that the extra $120/month for several months that Mr. Arvizu mentioned in his OS can and will be made up, can and will be made up.

Parties (Debtor, creditors, trustee) and Court need to take the Debtors' situation as they find it.  In this case, that refers in part to the Debtors' argument that they live in an inexpensive house and chose to do that so that they could put more money into their retirement account, and in part to similar arguments made by the Debtors concerning their other proposed expenses.  Congress has not specified some ultimate amount that every debtor can work up against, and at least in this district neither have the courts.  (Candidly, what happens is that people with more income end up with budgets that allow them to spend more money than those debtors who have less income.)  In consequence, each case gets decided on a case-by-case basis, with the standard being the "totality of the circumstances", a test which Justice Scalia has characterized as providing no standard at all but a test which allows the courts to render decisions based on the general outlines provided by the Code and then, over time, to compare the results and see what patterns emerge – which is probably not the worst way to ultimately construct standards by which to make decisions.

So maybe the Debtors get credit for one vehicle and a low house payment and maybe not.  The low house payment makes sense for the Debtors anyway because soon they will want to be in a small house (assuming the kids leave, at least eventually.  And the Debtors got the benefit of the higher retirement fund payments for some years before they had to file.  And just because some people have a higher house payment, or have higher car payments, does not mean that these higher payments are reasonably necessary for the support of the debtor or a dependent of the debtor, § 1325(b)(2), which after all is the standard, not matching or keeping up with the Joneses.

The cost of the Suburban is too high in these circumstances; with the daughter old enough to drive the old pickup and no need for the Debtors to haul around loads of kids for activities, and Mr. Ferguson having a company car, the creditors do not need to support a $35m vehicle.

To give up the 6% match on the retirement funds would be a real waste, but that only benefits the Debtors, not the creditors.  So the next plan (if there is one) needs to make this benefit work for the creditors; it needs to increase the payments or extend the payments in order to provide the creditors with the difference between what they would get if the Debtors continued contributing to and repaying the retirement fund and what the creditors would get if the Debtors stopped making the contributions and repayments to the retirement fund and suffered the consequences of the higher taxes, including the withdrawal penalty; in other words, the increase in the overall plan

payments would not be the gross amount of $607 but a lesser amount taking into account that the Debtors' disposable income would be lower because they would have to pay a withdrawal penalty and treat the unrepaid loan as income and therefore have to pay higher taxes.

In general, the $200/month for recreation, taking into consideration all the other expenses that are listed (dance lessons, cable, higher hygiene costs, etc.), is too high.

Concerning the big screen television and dining set, given the small amount of the debt and the fact that it is for both the dining room set and the tv, and what you get in a yard sale for a big screen tv and a dining room set may not be very much, and the fact that the dining room set would have to be replaced anyway, this is in effect de minimis.

In this case, there are certainly some expenses which seem high but are justified; e.g., the phone land line so stepdaughter can call father long distance in Denver City 2xweek, the food budget which takes into account the health problems of the Ms. Ferguson, the charitable contributions which are below the 15% level and appear to have been part of a regular giving pattern and therefore are specifically permitted by § 1325(b)(2)(A), and of course the health insurance, medication and counseling expenses for the child with epilepsy, even though he has moved out of the house, unless there is a showing that he can afford those expenses himself.

But other than as set out above, I don't think that I can say what is reasonable and what is not, and so I leave that to the Debtors and the trustee and the creditors to work out, or to raise again at another hearing. Of course, what it may require to confirm a plan is extending the plan beyond 36 months, or making higher payments, or both, but this plan is not confirmable.

AD tdo.